UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MARK AND SANDRA PAXTON**                          CIVIL ACTION

**VERSUS**                                           No. 06-7263

**STATE FARM INSURANCE COMPANY,**                    SECTION: I/2
**ET AL.**

<u>ORDER AND REASONS</u>

The matter before the Court is a motion to remand, filed on behalf of plaintiffs, Mark and Sandra Paxton. Defendants in this matter are State Farm Fire and Casualty Company ("State Farm") and Robert Eisenbraun.

This Court has issued extensive opinions on the full range of legal issues regarding motions to remand in Hurricane Katrina insurance litigation. *See, e.g.*, *Bourgeois v. State Farm Fire & Cas. Co.*, No. 06-8037, 2006 WL 3344736 (E.D. La. Nov. 16, 2006); *Rizzuto v. Tully*, No. 06-6883, 2006 WL 3332832 (E.D. La. Nov. 14, 2006); *Jackson v. State Fire & Cas. Ins. Co.*, No. 06-4467, 2006 WL 3332835 (E.D. La. Nov. 9, 2006); *Yount v. Lafayette Ins. Co.*, No. 06-7382, 2006 WL 3240790 (E.D. La. Nov. 7, 2006); *Trosclair v. Security Plan Life Ins. Co.*, No. 06-9220, 2006 U.S. Dist. LEXIS 84100 (E.D. La. Nov. 6, 2006); *Richmond v. Chubb Group of Ins. Cos.*, No. 06-3973, 2006 WL 2710566 (E.D. La. Sept. 20, 2006); *Best v. Independent Ins. Assocs. Inc.*, No. 06-1130, 2006 WL 2710445 (E.D. La. Sept. 19, 2006); *Nash v. Harry Kelleher &*

*Co.*, No. 06-1083, 2006 WL 2644960 (E.D. La. Sept. 14, 2006); *Smith Lupo Williams Partners v. Carter*, No. 06-2808, 2006 WL 2548255 (E.D. La. Aug. 31, 2006).

After fully considering the law, the facts, and the arguments of all parties, the Court finds that the above cited decisions, when applied to the facts of this case, dictate a remand.[1] The Court is inundated with motions to remand in cases such as this one, and it is neither in the interest of justice nor judicial economy to issue an extensive, yet repetitive, opinion. The Court, therefore, incorporates the applicable legal

---

[1] The Court notes that, on the facts of this case, it is not facially apparent that plaintiffs' claims exceed $75,000 and defendant has failed to prove by a preponderance of the evidence that the requisite amount for federal jurisdiction is present. *See Bourgeois*, 2006 WL 3344736 at *2. Contrary to defendants' assertions regarding the policy value, plaintiffs' petition indicates that they only seek the $18,844 remaining on their claim against State Farm, loss of use, plus statutory penalties and attorney's fees. Plaintiffs stipulate in their petition, pursuant to La. Code Civ. Proc. art. 893(A)(1), that their damages do not exceed $50,000. Rec. Doc. No. 1-2, p. 2.

Plaintiffs do specifically seek penalties under La. R.S. § 22:658, which could entitle them to an additional twenty-five percent of the unpaid amount of their claim as a penalty if the insurance company's failure to pay is found to be arbitrary, capricious, or without probable cause. La. R.S. § 22:658. Additionally, plaintiffs could potentially recover penalties under La. R.S. § 22:1220 for State Farm's breach of its of duties of good faith, fair dealing, and to adjust claims fairly and promptly. La. R.S. § 22:1220. However, plaintiffs must show damages arising from this breach to recover more than $5,000 under that statute. *Onstott v. Allstate Ins. Co.*, No. 06-3297, 2006 WL 2710561, at *3 (E.D. La. Sept. 20, 2006) (Vance, J.). Plaintiffs do not allege any damages sustained from State Farm's breach. Therefore, even assuming a possible multiple recovery of penalties under Section 22:658 and Section 22:1220, the amount in controversy remains well below the jurisdictional minimum.

Plaintiffs' post-removal irrevocable stipulation clarifies any ambiguity in plaintiffs' petition as to the extent of total damages they seek. *Id.* In that stipulation by affidavit, plaintiffs state that the total damages they seek, including statutory penalties and attorney's fees, do not exceed $75,000. Rec. Doc. No. 9. This stipulation binds plaintiffs since it expressly renounces any judgment in excess of $75,000. *See Crosby v. Lassen Canyon Nursery, Inc.*, No. 02-2721, 2003 WL 22533617, at *3 (E.D. La. Nov. 3, 2003) (Vance, J.). This Court, therefore, lacks diversity jurisdiction and there is no other valid basis for federal jurisdiction over this matter.

standards and analysis from its prior opinions as though fully written herein.

Accordingly, for the reasons stated herein,

**IT IS ORDERED** that the motion to remand filed on behalf of plaintiffs[2] is **GRANTED** and the case is **REMANDED** to the 34th Judicial District Court for the Parish of St. Bernard.

New Orleans, Louisiana, December   20th  , 2006.

LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[2] Rec. Doc. No. 3.